**NO. 23-1011**

In The
# United States Court Of Appeals For The Fourth Circuit

**ESTATE OF ELEUSIPA VAN EMBURGH, by and through its
Administrator James Michael Van Emburgh;
JAMES MICHAEL VAN EMBURGH, Individually;
JAMES ALAN VAN EMBURGH, Individually;
IMELDA CROVETTO, Individually; AMY RIVERA,
Individually; ALEXIS NAVARRO, Individually;
RAFAEL NAVARRO, Individually,**

*Plaintiffs – Appellants,*

**v.**

**UNITED STATES OF AMERICA,**

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK

———————————

**BRIEF OF APPELLANTS**

———————————

**Benjamin A. Beliles**
**BELILES & ASSOCIATES, PLLC**
**1108 East Main Street**
**Suite 1002**
**Richmond, VA 23219**
**(804) 223-0297**

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _23-1011_          Caption: _Plaintiffs (see listed below) v. United States of America_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Estate of Eleusipa Van Emburgh, Alexis Navarro, Rafael Navarro, Imelda Crovetto, Amy Rivera, James_
(name of party/amicus)

_Alan Van Emburgh, James Michael Van Emburgh_

who is _____appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐YES ☑NO

2.    Does party/amicus have any parent corporations?    ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation?                    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?                    ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational
victim of the criminal activity and (2) if an organizational victim is a corporation, the
parent corporation and any publicly held corporation that owns 10% or more of the stock
of victim, to the extent that information can be obtained through due diligence.

Signature:  /s/ Benjamin A. Beliles                    Date:        1/13/2023

Counsel for:  Plaintiffs

- 2 -

Print to PDF for Filing

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................ iii

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...........................2

STATEMENT OF THE CASE..............................................................3

    I.    RELEVANT FACTS ............................................................3

SUMMARY OF THE ARGUMENT ....................................................11

ARGUMENT ................................................................................17

    I.    THE DISTRICT COURT ERRED IN DISMISSING
        PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT
        MATTER JURISDICTION BY DETERMINING THAT
        PLAINTIFFS DID NOT PROPERLY EXHAUST THEIR
        ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT
        UNDER THE FTCA DESPITE FINAL WRITTEN DENIAL
        FROM THE FEDERAL AGENCY INDICATING THEY
        HAD, IN FACT, EXHAUSTED SUCH ..............................................17

    II.    THE DISTRICT COURT ERRED IN DETERMINING THAT
        CLAIMANTS UTILIZING THE FTCA CLAIMS PROCESS
        IN THE STATE OF VIRGINIA ARE BOUND BY MORE
        STRINGENT ADMINISTRATIVE REQUIREMENTS
        UNDER THE FTCA THAN CLAIMANTS LOCATED IN
        THE THIRD, FIFTH, SIXTH, SEVENTH, NINTH AND
        DISTRICT OF COLUMBIA CIRCUITS. ...........................................18

    III.    THE DISTRICT COURT ERRED IN DETERMINING THAT
        THE ADMINISTRATIVE REQUIREMENTS OF 28 U.S.C.
        SECTION 2401(b) ARE JURISDICTIONAL IN NATURE ............27

IV.    THE DISTRICT COURT ERRED IN FAILING TO
ADDRESS THE PLAINTIFFS' DETRIMENTAL RELIANCE
ON THE NAVY'S PROCESSING AND ADJUDICATION OF
THEIR CLAIMS IN DETERMINING WHETHER THEIR
ADMINISTRATIVE PREREQUISITES WERE SATISFIED..........28

V.    PLAINTIFFS ARE ENTITLED TO EQUITABLE TOLLING
OF THE SECOND INTERIM FILING DEADLINE UNDER
THE FTCA UNDER THE SPECIFIC CIRCUMSTANCES OF
THIS CASE, IN WHICH BOTH THE FIRST LAWSUIT WAS
DISMISSED AT THE BEHEST OF DEFENDANT, AND
BOTH LAWSUITS WERE FILED WITHIN THE VIRGINIA
STATE STATUTE OF LIMITATIONS............................................36

THE STANDARD OF REVIEW....................................................36

CONCLUSION........................................................................................37

REQUEST FOR ORAL ARGUMENT ..................................................39

CERTIFICATE OF COMPLIANCE......................................................40

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Adams v. Bain*,
  697 F.2d 1213 (4th Cir. 1982) ...................................................37

*Bell Helicopter Co.*,
  ASBCA No. 17776, 74-1 BCA ¶ 10,411...................................28

*Bialowas v. United States*,
  443 F.2d 1047 (3d Cir. 1971) ...................................................14

*Burrell v. Bayer Corp.*,
  918 F.3d 372 (4th Cir. 2019) ...................................................36

*Cooke v. U.S.*,
  91 U.S. 389 (1875)...................................................................28

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006)..................................................................37

*Driggers v. United States*,
  309 F. Supp. 1377 (D.C.S., 1970) ............................................14

*Evans v. B.F. Perkins Co.*,
  166 F.3d 642 (4th Cir. 1999) ...................................................37

*Folk Constr., Inc.*,
  ENGBCA Nos. 5839 et al., 93-3 BCA ¶ 26,094 .......................28

*Ghaisar v. United States*,
  No. 1:18-cv-1296, 2019 WL 386145 (E.D. Va. Jan 30, 2019) ..............24, 25

*Hollerbach v. United States*,
  233 U.S. 165, 34 S. Ct. 553 (1914) .....................................28, 34

*In Le Grand v. Lincoln*,
  818 F. Supp. 112 (E.D. Pa. 1993)..............................................14

*Irwin v. Department of Veterans Affairs*,
    498 U.S. 89, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) ................................35

*Jenkins v. United States Postal Serv.*,
    747 F. App'x 974 (5th Cir. 2019) ..................................................31

*Landis v. United States*,
    335 F. Supp. 1321 (1972) ...........................................................14

*Mick DeWall Constr.*,
    PSBCA No. 2580, 91-3 BCA ¶ 24,180 .......................................28

*Miller Elevator Co. v. U.S.*,
    30 Fed. Cl. 662 (1994)................................................................28

*Nealon v. Stone*,
    958 F.2d 584 (4th Cir. 1992) .....................................................35

*Piney Run Pres. Ass'n v. County Comm'rs*,
    523 F.3d 453 (4th Cir. 2008) .....................................................37

*Polsby v. Chase*,
    970 F.2d 1360 (4th Cir. 1992) ...................................................35

*Polsby v. Shalala*,
    123 L. Ed. 2d 646, 113 S. Ct. 1940 (1993)...............................35

*Reno v. Catholic Social Servs., Inc.*,
    125 L. Ed. 2d 38, 113 S. Ct. 2485 (1993)................................35

*Robinson v. United States Navy*,
    342 F. Supp. 381 (E.D. Pa. 1972)..............................................14

*Smith v. Reagan*,
    844 F.2d 195 (4th Cir. 1988) .....................................................37

*Suarez Corp. Indus. v. McGraw*,
    125 F.3d 222 (4th Cir. 1997) .....................................................37

*United States ex rel. Vuyyuru v. Jadhav*,
    555 F.3d 337 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 229 (2009) ...............37

*United States v. Kwai Fun Wong*,
  575 U.S. 402 (2015) ..................................................................2, 15, 27, 39

*Williams v. United States*,
  50 F.3d 299 (4th Cir. 1995) ............................................................37

*Zywicki v. United States*,
  No. CIV.A 88-1501-T, 1991 WL 128588
  (D. Kan. June 20, 1991) ......................................................10, 14, 21

**Statutes:**

10 U.S.C. § 2733 ........................................................................29

28 U.S.C. § 1291 ..........................................................................1

28 U.S.C. § 1346(b) ...............................................................*passim*

28 U.S.C. § 1391 ........................................................................19

28 U.S.C. § 2401(b) ...............................................................*passim*

28 U.S.C. § 2671 *et seq* .......................................................*passim*

28 U.S.C. § 2675 .....................................................................9, 13

28 U.S.C. § 2675(a) ...............................................................*passim*

Va. Code § 8.01-50 ............................................................10, 22, 24

Va. Code § 64.2-454 ........................................................7, 8, 22, 23

Va. Code § 64.2-500 ..................................................................22

Va. Code § 64.2-502 ..................................................................22

**Regulations:**

28 C.F.R. § 14.2(a) ....................................................................29

28 C.F.R. § 14.3 ........................................................................9

28 C.F.R. § 14.3(c)................................................................9, 10, 14, 21

28 C.F.R. § 14.4 ...............................................................................29

28 C.F.R. § 14.9 .........................................................................25, 26

32 C.F.R. § 750 ................................................................................29

32 C.F.R. § 750.26 ...........................................................................29

32 C.F.R. § 750.5(b) ...................................................................10, 21

**Rules:**

Fed. R. App. P. 3 ................................................................................1

Fed. R. App. P. 4(a)(1)(A) ................................................................1

Fed. R. Civ. P. 12(b)(1)................................................................36, 37

Fed. R. Civ. P. 41(a)(1)(A)(ii) ...........................................................8

Fed. R. Civ. P. 59(e)..........................................................................11

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant, Estate of Eleusipa Van Emburgh, by and through its administrator James Michael Van Emburgh; and James Michael Van Emburgh, Imelda Crovetto, James Alan Van Emburgh, Amy Rivera, Alexis Navarro, and Rafael Navarro individually brought this action against Defendant-Appellee, United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. ("FTCA").

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 as an appeal from the final judgment of the district court filed on November 15, 2022, and Appellants timely filed a Notice of Appeal on January 3, 2023 in accordance with Fed. R. App. P. 3 and 4(a)(1)(A).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The following issues are presented for review:

I. Whether the district court erred in dismissing Plaintiff's complaint for lack of subject matter jurisdiction by determining that Plaintiffs did not properly exhaust their administrative remedies prior to filing suit under the FTCA despite a final written denial letter from the agency indicating they had?

II. Whether the district court erred in determining that claimants utilizing the FTCA claims process in the state of Virginia are bound by more stringent administrative requirements under the FTCA than claimants located in the Third, Fifth, Sixth, Seventh, Ninth and District of Columbia circuits, where there is no Fourth Circuit precedent which requires such?

III. Whether the district court erred in determining that any of the administrative requirements of the FTCA under are jurisdictional in nature, in light of the holding in *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015), which determined that 28 U.S.C. § 2401(b) is specifically not jurisdictional?

IV. Whether the district court erred in failing to address the Plaintiffs' detrimental reliance on the Navy's processing and adjudication of their claims in determining whether their administrative prerequisites were satisfied?

V. Whether Plaintiffs are entitled to equitable tolling of the second interim filing deadline under the FTCA under the specific circumstances of this case, in which

the first lawsuit was voluntarily dismissed at the behest of Defendant, and both lawsuits were filed within the Virginia state statute of limitations after being fully investigated in the administrative claims process of the Navy?

## STATEMENT OF THE CASE

This case is before the Fourth Circuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA") for a medical malpractice matter out of Naval Medical Center Portsmouth that occurred in the Commonwealth of Virginia, and which resulted in the untimely death of Mrs. Eleusipa Van Emburgh on November 9, 2019 at the age of only fifty-eight (58) years old.

## I.    RELEVANT FACTS

This case relates to the tragic death of Mrs. Eleusipa Van Emburgh who passed away on November 9, 2019 at the age of fifty-eight years old after undergoing treatment by inexperienced United States Navy medical providers at Naval Medical Center Portsmouth ("NMCP") in Portsmouth, Virginia.

On April 27, 2020, Plaintiffs' counsel transmitted seven separate administrative claims to the Navy seeking damages based upon the alleged wrongful death of Van Emburgh due to negligent medical care provided to her at NMCP in October 2019. (JA43; see also JA67-169)  The administrative claims were submitted to the Navy on behalf of Van Emburgh's widower, James Michael Van Emburgh, individually; Van Emburgh's five biological children, Imelda

Crovetto, Alexis Navarro, Rafael Navarro, Amy Rivera, and James Alan ("Jim")

Van Emburgh, individually; and the deceased's Estate. (JA67-169)

The administrative claim submitted on behalf of Van Emburgh's Estate (the

"Estate Claim") was signed by Imelda Crovetto, the named Executor of Mrs. Van

Emburgh's estate in the deceased's last will and testament, and alleged "[w]rongful

death due to medical malpractice and negligence during hiatal hernia repair at

[NMCP]." (JA89)  The Estate Claim identified a sum certain amount of $25

million in damages for wrongful death. (JA89)

The claims in the present case were assigned to Kristina Schlieter, Esq., a

federal attorney working on behalf of the United States Navy.  Throughout the

agency's lengthy and substantive investigation of the Van Emburgh administrative

claims, Ms. Schlieter was regularly in touch with the law office representing the

Plaintiffs in the administrative process.  She never once indicated or suggested that

the agency was not accepting receipt of the claims; to the contrary, the agency

substantively investigated the claims for almost a year prior to issuing a denial of

them on the merits on March 12, 2021.  Ms. Schlieter even requested specific

documents and was provided such to aid in the agency's investigation of the

claims, such as the will of the deceased which indicated that Ms. Imelda Crovetto

was the named executor of the estate.  (JA90-96)  During the course of the

investigation, the United States Navy obtained expert medical opinions on the case,

4

expending considerable time and other resources, at great expense to the American taxpayers. (JA251)[1]

In the agency's denial letter dated March 11, 2021 (but mailed on March 12, 2021) Ms. Schlieter, advised Plaintiffs that, "your clients' claims were analyzed under the Federal Tort Claims Act…A review of your client's medical record shows that the applicable standard of care was met by each of her Navy health care providers.  The damages alleged did not result from any negligent act or omission on the part of an employee of the United States.  Accordingly, your clients' claims are denied.  If your client does not agree with this decision, be advised she has six months from the date of mailing of this letter to file suit in the appropriate Federal district court…" (JA166-169)

On June 28, 2021, the Estate of Van Emburgh by and through its Executor Imelda Crovetto, and Van Emburgh's widower and five children, individually, filed suit against the Defendant in Case No. 2:21-cv-357-RGD-RJK asserting negligence, wrongful death, and survival claims under the FTCA. *See* No. 2:21-cv-357-RGD-RJK (E.D. Va.). (JA5)  The lawsuit alleged that health care providers at NMCP negligently inflicted "an interoperative perforation" during Van Emburgh's

---

[1] As Plaintiffs established through examples from other similarly situated FTCA claims in their district court filings, federal agency attorneys regularly refuse to process claims they deem "legally insufficient." Furthermore, federal agency attorneys regularly advise claimants if the documentation presented fails to fulfill the presentment requirements under the FTCA. (JA217-219)

surgery, and then failed to perform the appropriate and medically necessary procedures to address serious complications from the perforation, ultimately resulting "in massive trauma to her person, and ultimately, her death" on November 9, 2019. (JA6)

On September 7, 2021, the Defendant answered the Complaint in the first lawsuit. *See* No. 2:21-cv-357-RGD-RJK (E.D. Va.), ECF No. 9. The court subsequently issued orders permitting discovery and establishing a trial date and other pre-trial deadlines in the case. *See id*. at ECF Nos. 11, 12. On October 1, 2021, Defendant served Plaintiffs with discovery requests in the first lawsuit. (JA170)

On November 1, 2021, Plaintiffs' counsel advised Defendant's counsel as follows:

> I wanted to provide you a brief email to advise you of our intent with regard to this matter. We have decided to take additional probate steps in state court to ensure this action can be properly litigated from a wrongful death perspective in Federal Court under the Federal Tort Claims Act. These steps are currently underway and will be completed by the end of the week. Once completed, we intend to file a new action mirroring the current action. I expect our new filing to take place by the end of the week. With the new filing, you can expect a withdrawal from the current action.

> Under normal circumstances, we would have sought a stipulation or some other form of agreement from your office so that we can continue the case progression as efficiently as possible. Based on our concerns of certain legal precedent, waiver or stipulation may not sufficiently remedy the concern we have, and as such, we believe starting anew is necessary.

> We would be happy to have a phone call or continue email conversations about any desires or ideas from your office on how to effectively and efficiently continue the litigation of this matter. Frankly, I am not sure if the interests of the United States Government are to proceed as efficiently as possible or to begin the complaint/answer/scheduling process all over again and extend the time table. If efficiency is the priority, we are more than happy to work closely to cooperate to achieve that goal.

(Nov. 1, 2021 Email from Plaintiffs' Counsel). (JA182)

On November 3, 2021, the Circuit Court of Newport News, Virginia entered an order, at the request of Executor Imelda Crovetto[2], appointing James Van Emburgh as the Administrator of Van Emburgh's Estate for the sole and limited purpose of prosecuting a lawsuit on behalf of the Estate. Va. Code § 64.2-454. (JA186-187)

Following Mrs. Van Emburgh's death, her husband, James Michael Van Emburgh, was accurately informed by the Newport News Circuit Court that Mrs. Van Emburgh's estate did not need to be formally probated at that time because her assets other than those owned jointly by her husband at the time of her death did not exceed $50,000. (JA244) In such a case, the named Executor in the will is

---

[2] Mrs. Imelda Crovetto was appointed in Eleusipa Van Emburgh's will, dated September 15, 2003, as the personal representative of her estate, and retains that position to the present day without dispute. (JA90-96) Mrs. Crovetto is a military spouse presently residing in Okinawa, Japan with her active-duty husband and minor children. She has resided in Okinawa throughout the entirety of the claims process and litigation of this matter. Her residence as a military dependent in Japan during the COVID-19 pandemic which had one of the strictest lockdowns in the world made her appearance in Newport News during that time frame prohibitively difficult.

not required to be sworn in, as probate need not be opened.  Nevertheless, the

named Executor retains their position of representation over the estate, as seen in

Mrs. Crovetto's appointment of James Michael Van Emburgh as the administrator

of the estate, an appointment that can only be made by an estate executor. Va.

Code § 64.2-454. In fact, Ms. Melissa Gary of the Newport News Circuit Court

probate office indicated in an email on October 19, 2021 that "she will remain as

the executor." (JA245)

On November 5, 2021, the Estate of Eleusipa Van Emburgh and Van

Emburgh's widower and five children, individually, filed suit against Defendant in

the instant action. (JA42-52)  The Complaint asserted the same negligence,

wrongful death, and survival claims under the FTCA as in the first lawsuit and in

the administrative claim and contained the exact same substantive factual

allegations as the initial lawsuit.

Nearly a month after filing the second suit, on December 2, 2021, Plaintiffs'

counsel, at Defendant's explicit request, voluntarily dismissed the first lawsuit by

stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (JA33)

On January 3, 2022, Defendant filed a Motion to Dismiss all Claims for lack

of subject matter jurisdiction or alternatively for summary judgment. (JA54-55)

On August 18, 2022, the district court entered an order, after denying a

request for oral argument, granting Defendant's motion to dismiss for lack for

subject matter jurisdiction. (JA271)

8

In its order, the lower court found that the Plaintiffs had failed to exhaust their administrative remedies under the FTCA despite the agency substantively processing their claims for almost a year and issuing a final written denial on the merits of Plaintiffs' claims, as required by 28 U.S.C. § 2675. The provision at issue in this case is 28 C.F.R. § 14.3. This statute lays out who may file an administrative claim under the FTCA. Subsection (c) provides: "A claim based on death may be presented by the executor or administrator of the decedent's estate, **or** by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c) (emphasis added). In its dismissal order, the lower court, in a footnote, acknowledged that most Circuit courts interpret the language in as to who qualifies to present an administrative claim in an FTCA wrongful death case to include "anyone who would qualify as a statutory beneficiary under state law…" Notwithstanding this widespread and reasonable interpretation of the statute, the lower court immediately went on to say that the administrative requirements upon the Plaintiffs in *this* case were "stricter" because this case involved Navy Regulations and Virginia state probate code that compelled Plaintiffs to complete more prerequisites in order to have properly presented an administrative claim in this particular FTCA wrongful death matter, writing:

> a **majority of circuit courts** interpret the "any other person legally entitled to assert such a claim" language in 28 C.F.R. § 14.3(c) as

9

authorizing anyone who would qualify as a statutory beneficiary under state law to bring an administrative FTCA claim. *See Zywicki v. United States*, No.CIV.A.88-1501-T,1991WL 128588,*2 (D. Kan. June 20, 1991)(observing that the Third, Fifth, Sixth, Seventh, Ninth, and the District of Columbia circuits have "reasoned that the only jurisdictional requirements of the FTCA administrative process under§ 14.3(c)]are that the claimant give the agency adequate written notice of the claim and the underlying facts and that the claimant place a value on the claim"). This case, however, involves FTCA claims against the Navy, which entails stricter administrative claim filing requirements than the general requirements in 28 C.F.R.§ 14.3(c). See 32 C.F.R. § 750.5(b)C '[I]n the case of death," administrative FTCA claims against the Navy must be brought "by the properly appointed legal representative of the deceased's estate or survivor where authorized by State law."). Under Virginia law, survivors are not authorized to initiate wrongful death actions as individuals; wrongful death actions must be brought by a properly appointed representative of the estate. Va. Code § 8.01-50."

(JA276). (emphasis added).

Through a circuitous interpretation of statutory interplay, the lower court determined that Plaintiffs' administrative claims were actually required to have been presented by the sworn "personal representative" of the estate, as defined under Va. Code § 8.01-50, at the time of the administrative claim filings.

Notwithstanding the purported additional FTCA administrative requirements that the lower court found existed in the Fourth Circuit specifically, while citing only unpublished district court opinions to support such a position, the district court ruling also failed to address the impact of binding Supreme Court case law regarding the Government being bound by the authorized acts of its agents, as this pertained to the Navy's acceptance and processing of the Plaintiffs' claims, along

with the Navy's ultimate issuance of a substantive denial of Plaintiffs' claims on their merits, expressly instructing Plaintiffs in a written memorandum to "file suit" if they disagreed with the decision of the agency. Clearly, the Navy and its attorneys viewed Plaintiffs' administrative claims as legally sufficient.

On September 15, 2022, Plaintiffs moved for reconsideration of the dismissal order on the grounds that the lower court failed to address controlling case law, instead relying upon unpublished district court cases from the Fourth Circuit. (JA279-280)

On November 18, 2022, the district court issued an order denying Plaintiffs' request for reconsideration with no additional substantive analysis to justify its prior position and incorrectly stating that the Plaintiffs did not file their motion under Rule 59(e) despite the Plaintiffs clearly citing to Rule 59(e) in all relevant filings. The lack of any apparent familiarity with the pleadings filed in the motion to reconsider under Rule 59(e) was immensely concerning to the Plaintiffs. (JA323)

## SUMMARY OF THE ARGUMENT

This case represents the complete undoing of the Federal Tort Claims Act by the United States Government in contravention of the law and congressional intent. The district court's dismissal order is erroneous on several grounds. This Court should correct the injustice to the Plaintiffs in this case who have been barred from

11

bringing their legitimate claims of malpractice against the United States
Government despite obtaining an administrative review of their claims by the
United States Navy and receiving final written denial of such, as required by the
FTCA. Furthermore, the interim 6-month filing deadline should be equitably.
tolled by this Court under the specific procedural history of this case. This Court
must not condone the United States' creative interpretation of federal statutory
guidance combined with convenient and inconsistent reference to state law in an
effort to curtail the rights of an aggrieved military family seeking redress through
the only legal mechanism available to them.

The collective Plaintiffs assert five primary arguments in support of their
appeal to this Circuit: (1) the district court erred in dismissing the Plaintiffs'
complaint for lack of subject matter jurisdiction by determining that Plaintiffs did
not properly exhaust their administrative remedies prior to filing suit under the
FTCA despite a final written denial letter from the agency indicating they had; (2)
the district court erred in determining that claimants utilizing the FTCA claims
process in the state of Virginia are bound by more stringent administrative
requirements under the FTCA than claimants located in the Third, Fifth, Sixth,
Seventh, Ninth and District of Columbia circuits; (3) the district court erred in
determining that the administrative requirements of the FTCA are jurisdictional in
nature; (4) the district court erred in failing to address binding Supreme Court case

12

law as it related to the Plaintiffs' detrimental reliance on the Navy's processing and adjudication of their claims in determining whether their administrative prerequisites were satisfied; and (5) Plaintiffs are entitled to equitable tolling of the second interim filing deadline under the FTCA under the specific circumstances of this case, in which the first lawsuit was dismissed by agreement at the behest of Defendant, and both lawsuits were filed within the overarching Virginia 2-year statute of limitations and the present lawsuit was filed by the properly appointed personal representative of Eleusipa Van Emburgh's estate.

The FTCA is a federal statute that allows for tort lawsuits to be brought against the United States government in certain specified circumstances. 28 U.S.C. § 2675 provides the parameters of these suits: An action shall not be instituted…against the United States for money damages for injury…caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail***. *Id.* (emphasis added).

As an overarching matter, the stated purpose of the administrative exhaustion requirement under the FTCA is to ensure that federal agencies are presented with sufficient information to assess tort claims and to determine the viability of settling such claims before litigation becomes necessary. (*See, e.g.,*

*In Le Grand v. Lincoln*, 818 F. Supp. 112, 115 (E.D. Pa. 1993) (holding that "The

purpose of the sum certain provision [on the SF 95] is to enable administrative

agencies to avoid unnecessary litigation by providing them with the opportunity to

effectively evaluate a claim and to determine the potentiality of settling the claim);

*See also Robinson v. United States Navy*, 342 F. Supp. 381 (E.D. Pa. 1972)

(holding that "the purpose of 28 U.S.C. § 2675(a) is to spare the Court the burden

of trying cases when the administrative agency can settle the case without

litigation. The information which the plaintiff omitted from his Form 95 was

necessary to allow the administrative agency to evaluate the claim. A claim which

does not set out the amount of damages sought is not a claim.") *See also Driggers*

*v. United States*, 309 F. Supp. 1377 (D.C.S., 1970); *Bialowas v. United States*,

supra.; *Landis v. United States*.

A majority of circuit courts interpret the "any other person legally entitled to

assert such a claim" language in 28 C.F.R. § 14.3(c) as authorizing anyone who

would qualify as a statutory beneficiary under state law to bring an administrative

FTCA claim. *See Zywicki v. United States*, No. CIV.A 88-1501-T, 1991 WL

128588 *2 (D. Kan. June 20, 1991) (observing that the Third, Fifth, Sixth, Seventh,

Ninth, and the District of Columbia Circuits have, "reasoned that **the only**

**jurisdictional requirements of the FTCA administrative process [under §**

**14.3(c)] are that the claimant give the agency adequate written notice of the**

14

**claim and the underlying facts and that the claimant place a value on the claim."** (emphasis added).  Notably, these opinions also predated the Supreme Court's 2015 finding that the FTCA's administrative claims process found in 28 U.S.C. Section 2401(b) is not jurisdictional, as discussed further, *infra*. *United States v. Wong*, 575 U.S. 402 (2015).

The lower court's conclusion that Plaintiffs failed to exhaust their administrative remedies before filing suit is not supported by precedent, regulations, or the regular practice of FTCA claims administration throughout the federal government.  It also plainly defies common sense.  The agency's administrative investigation of Plaintiffs' claims unquestionably allowed them to accomplish the legislative intent of the non-jurisdictional administrative exhaustion requirement of the FTCA.  The claims in this case were thoroughly and fully investigated by the agency –with the assistance of medical experts – to determine if the case could be resolved prior to the filing of a lawsuit.  Based upon the agency's determination that "the standard of care was met," Plaintiffs were then entitled – and should remain so entitled – to dispute this finding through the federal courts.

Furthermore, even if this Court determines that the Plaintiffs under these specific circumstances should have been held to a higher standard than claimants in other circuits to exhaust their administrative remedies (namely, to have the "sworn personal representative," as defined by Virginia estate law, file the administrative claims on behalf of the Estate) the Plaintiffs' reasonable and

prolonged detrimental reliance on the agency's representations that they had filed legally sufficient administrative claims requires that this case proceed on its merits. Additionally, there was never any dispute as to whether the appropriate personal representative was filing these administrative claims, only whether or not she had been "properly appointed by the court," a phrase which does not actually exist in the Code section cited by the court as the basis for its dismissal.

Thus, even if this Court finds that Plaintiffs failed to properly exhaust their administrative remedies prior to filing suit, this Court should abide by Supreme Court precedent in determining that the administrative presentment requirements of the FTCA are not jurisdictional, and that the district court erred in dismissing Plaintiffs' lawsuit for lack of subject matter jurisdiction on this ground.

Lastly, the Defendant has contended that, even if Plaintiffs' administrative claims were sufficient, the case should still be dismissed because Plaintiffs filed the second lawsuit more than six months after the agency's denial of their claim in order to administratively update the estate representative. This court should decline to endorse this position and should instead equitably toll the interim filing deadline in this case where the Government's actions affirmatively misled Plaintiffs, where both lawsuits were filed – entirely properly – within the overarching Virginia two-year statute of limitations, and where Plaintiffs have diligently pursued their case with no harm to Defendant due to an excessive passage of time.

16

## ARGUMENT

**I.    THE DISTRICT COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION BY DETERMINING THAT PLAINTIFFS DID NOT PROPERLY EXHAUST THEIR ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT UNDER THE FTCA DESPITE FINAL WRITTEN DENIAL FROM THE FEDERAL AGENCY INDICATING THEY HAD, IN FACT, EXHAUSTED SUCH.**

The district court's order granting the government's request for dismissal of Plaintiffs' case was based upon an erroneous finding that the court lacked subject matter jurisdiction over the case, determining that Plaintiffs had not properly exhausted their administrative remedies under the FTCA, as required prior to filing suit.  On *de novo* review, the Order should be reversed for three reasons.

Plaintiffs in this case fully exhausted their administrative remedies as required by 28 U.S.C. § 2675(a) prior to filing suit, as evidenced by the final written denial of their claims that was transmitted to Plaintiffs from Defendant's agency, Department of the Navy (hereinafter "agency" or "the agency"), by certified mail on March 12, 2021.  (JA166-169).  This denial came after the agency conducted an eleven-month investigation into Plaintiff's underlying claims of medical negligence, substantively concluding that "the standard of care was met." *Id*.  In the agency's denial letter, the Plaintiffs were "advised" to "file suit" if they disagreed. *Id*.

17

On the record, this Court should have no question that Plaintiffs exhausted their administrative remedies prior to filing suit. The district court's attempt to rewrite history should be summarily rejected when the Navy fully investigated and denied these claims in every real and legal sense, thereby satisfying the administrative exhaustion requirement of the FTCA. Unless the Navy's investigation was some sort of elaborate charade to pretend to exhaust the Plaintiffs' administrative remedies, there can be no question that the Plaintiffs validly and completely exhausted their non-jurisdictional administrative requirements prior to filing suit.

II.    **THE DISTRICT COURT ERRED IN DETERMINING THAT CLAIMANTS UTILIZING THE FTCA CLAIMS PROCESS IN THE STATE OF VIRGINIA ARE BOUND BY MORE STRINGENT ADMINISTRATIVE REQUIREMENTS UNDER THE FTCA THAN CLAIMANTS LOCATED IN THE THIRD, FIFTH, SIXTH, SEVENTH, NINTH AND DISTRICT OF COLUMBIA CIRCUITS.**

The lower court concedes that its strict reading of the administrative requirements under the FTCA in Virginia for claims against the Navy puts additional burdens on claimants that do not exist in the majority of other circuits, and which the Navy itself in this case did not enforce. (JA274-277) This simply cannot be the state of the law in the Fourth Circuit. Claimants attempting to exercise their rights under a federal statute must be treated equally under the law.

The FTCA makes clear that the purpose of administrative presentment of a claim is that the agency can avoid needless litigation of claims that it can settle

prior to the initiation of litigation.  This administrative step is a practical

mechanism created to avoid bogging down federal court dockets with unneeded

litigation.  This mechanism – while perfunctory – cannot and should not be used

as a weapon by the United States government to creatively skirt liability.

The lower court's decision places additional prerequisites on certain

claimants to avail themselves of a federal law depending upon the specific

branch of service against which they are making their claim and the state in

which the Court presumes they might file suit.[3]  The FTCA administrative

exhaustion requirement simply does not call for these heightened requirements

for Navy plaintiffs in the state of Virginia to properly exhaust their

administrative remedies under a federal statute as compared to those filing

claims with other branches of the military or in other states.

The administrative remedy exhaustion prerequisite to filing suit under the

FTCA is not intended to deprive plaintiffs of the opportunity to file suit against the

---

[3] Venue of federal district court actions is governed by 28 U.S.C. § 1391, which provides:
(b)Venue in General.—A civil action may be brought in—**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

United States by creating a labyrinth of administrative requirements that are

inconsistently enforced and contrarily interpreted across the country so that no

plaintiff in an FTCA case can ever be sure of how the process is supposed to work.

As a practical matter, the administrative exhaustion requirement under the FTCA is

intended to allow agencies to be apprised of sufficient facts and evidence in

determining if the agency can avoid litigation by entering into negotiated

settlements with claimants.  The agency in this case fully executed this purpose by

investigating Plaintiffs' claims, hiring expert witnesses to review thousands of

pages of medical records, corresponding regularly with Plaintiffs, and ultimately

denying settlement of Plaintiffs' claims on the basis that they had determined, "the

standard of care was met."  Their denial letter did not include any other basis for

denial, which as part of the regular claims practice under the FTCA, would also be

noted.  The lower court's ruling in this case would suggest that the Navy engaged

in the extensive investigation of an administrative claim for purely an academic

purpose and only to mislead the plaintiffs that they were investigating their claims.

In reality, it is obvious that both Plaintiffs and the agency's attorney genuinely and

reasonably believed that Plaintiffs claims were legally sufficient throughout the

administrative claims process, and that the FTCA administrative process in this

case was appropriately adhered to.

As the lower court noted in Footnote 2 of its Opinion, "a majority of circuit courts interpret the 'any other person legally entitled to assert such a claim' language in 28 C.F.R. § 14.3(c) as authorizing anyone who would qualify as a statutory beneficiary under state law to bring an administrative FTCA claim. *See Zywicki v. United States*, No. CIV.A 88-1501-T, 1991 WL 128588 *2 (D. Kan. June 20, 1991).

Despite this Circuit consensus (and the lack of any binding precedent directly on point in the Fourth Circuit), the lower court found that Plaintiffs in this case were subject to further *jurisdictional* requirements in order to exhaust their administrative remedies beyond that which they would have possessed if they had proceeded against a different branch of the military or a separate agency of the federal government. Plaintiffs urge this Court to reconsider this unprecedented application of Virginia state probate law into the administrative claims process, particularly when the Navy attorneys and claims administrators themselves did not enforce (or seemingly interpret) this regulation to require such throughout their administrative review of Plaintiffs' claims, as discussed further, *infra*.

The lower court cites to 32 C.F.R. § 750.5(b), a Navy regulation interpreting the FTCA, which provides that, "in the case of death, administrative FTCA claims against the Navy must be brought, "by the properly appointed legal representative of the deceased estate or survivor where authorized by State law." Using this

21

Navy-specific regulation, the court then reasoned that, because Va. Code § 8.01-50 and Va. Code § 64.2-454[4] requires that an estate representative be sworn, rather than merely being named as executor in the will before "prosecuting" a wrongful death civil action in a Virginia court, this same rule applies to the administrative claims process. The lower court went on to find that, because wrongful death lawsuits must be filed by the estate through its sworn estate representative, and not survivors alone, this means that an administrator sworn in under Va. Code § 64.2-454 must have also filed the claim. If this did not occur, the court concluded, both the estate administrative claim along with any additional administrative claims filed personally on behalf of the other Plaintiffs, as occurred in this case, are a nullity. The lower court's opinion did not discuss how they interpreted the statutory language of "properly appointed legal representative of the deceased estate" to mean the individual also must have been "sworn in" at the time of filing. In fact, Mrs. Crovetto has always been the "the properly appointed legal representative of the deceased estate."

---

[4] An administrator may be appointed in any case in which it is represented that either a civil action for personal injury or death by wrongful act, or both, arising within the Commonwealth is contemplated against or on behalf of the estate or the beneficiaries of the estate of a resident or nonresident of the Commonwealth who has died within or outside the Commonwealth if at least 60 days have elapsed since the decedent's death and an executor or administrator of the estate has not been appointed under § 64.2-500 or 64.2-502, solely for the purpose of prosecution or defense of any such actions, by the clerk of the circuit court in the county or city in which jurisdiction and venue would have been properly laid for such actions if the person for whom the appointment is sought had survived…."

The lower court's interpretation of these statutes is without basis in precedent in the Fourth Circuit, and is contradicted by the majority of other Federal Circuits as the Court's Order itself notes. There is no basis in the law to apply a Virginia statute that specifically applies to the actual litigation of a malpractice suit in a court of law to the administrative process – a process that exists for the sole purpose of *avoiding* litigation between the parties. It cannot be the case that the court would require the application of a statute that explicitly states it is to be used "solely" for the purpose of prosecuting a claim in a forum where the prosecution of the claim has not begun. Va. Code § 64.2-454.

The statute in question, Va. Code § 64.2-454, provides: "an administrator may be appointed [in a personal injury or wrongful death case]…***solely* for the purpose of prosecution or defense of such action**." (emphasis added). Again, the filing of an administrative claim against a federal agency is not a "prosecution" of a wrongful death case. In fact, it is the exact opposite: If successful, the administrative claims process under the FTCA would affirmatively avoid any prosecution or defense of the action altogether. Thus, the lower court's reference to this Virginia civil court requirement is misapplied, and this Court should affirmatively hold the Fourth Circuit recognizes that anyone who would qualify as a statutory beneficiary under state law may present an administrative claim under the FTCA for a wrongful death action, and presentation by such an individual will satisfy the administrative requirement prerequisite of the FTCA.

It is worth briefly discussing the unpublished case from the district that the lower court referenced. *Ghaisar v. United States*, No. 1:18-cv-1296, 2019 WL 386145, at *2 (E.D. Va. Jan 30, 2019).  In this case, a district court judge found that parents who had filed a wrongful death lawsuit on behalf of their late son had failed to exhaust their administrative remedies under the FTCA prior to filing suit because they had not been appointed under Va. Code 8.01-50 at the time they filed their administrative claims.

While the plaintiffs in that case apparently acquiesced to the court's interpretation that they were bound to do so prior to filing their administrative claims, the *Ghaisar* case notably diverges from the present case on several significant grounds.  First, in *Ghaisar*, it appears that no estate representative existed at all at the time the parents filed the administrative claims.  Here, Mrs. Crovetto had been the named estate executor throughout the process and retains that position without dispute as was indicated in the uncontested will of Eleusipa Van Emburgh.  Second, it is unclear on what grounds the administrative claim in *Ghasiar* was denied and whether a substantive analysis of their claims was undertaken by the agency, as occurred in the present case.  It is furthermore unclear whether the plaintiffs in that case were advised that their claim was legally sufficient.  Last and perhaps most significantly, the court in that opinion held open the possibility that claims from other beneficiaries might have been analyzed

24

differently had the parents filed administrative claims on behalf of themselves personally and not just the estate.  The court reasoned in this respect: "Plaintiffs argue they need not have been appointed as the personal representatives of Bijan Ghaisar's estate in order to assert personal injury claims.  However, at the time Plaintiffs presented claims IV and V to the Department of Interior, it is uncertain that they made clear they were making these claims on behalf of themselves, rather than on behalf of the estate."

In the present case, six administrative claims were filed individually in addition to the claim of the estate for issues ranging from loss of consortium to having to experience the agonizing death of 58-year-old Eleusipa Van Emburgh who suddenly and horrifically began to bleed out in the living room of her home in front of her husband, daughter, and grandchildren before dying in the ambulance on the way to the hospital.  The lower court's opinion in the present matter fails to address the impact of the individual claims, which the district court in *Ghaisar* seemed open to considering separately.  Instead, the lower court's ruling dismisses these six individual claims which require no properly appointed representative to be filed without providing a single legal justification.

Additionally, one of the most significant legal conundrums that the lower court's opinion in this matter invites centers around the venue of Federal Tort Claims Act cases in general.  28 C.F.R. § 14.9 provides that, upon denial of a

claim, the agency shall inform a claimant that, "if the claimant is dissatisfied with the agency action, he may file suit in <u>an</u> appropriate U.S. District Court." 28 C.F.R. § 14.9 (emphasis added).  Claimants who file an administrative claim against a federal agency, at the time of filing, are not committing to: (1) file a lawsuit at all, if the claim is denied, or (2) to file a lawsuit in one specific district court.  The proper venue for an FTCA action is not fixed at the time of the filing of an administrative claim.  It may be one of a number of potential federal district courts across the country.  Under the Court's current ruling, claimants filing administrative claims would be bound to comply with the state civil law of <u>all</u> potential districts simultaneously in which they could properly file suit, again a requirement far more onerous than that in the majority of other Circuits throughout the country for exhaustion of administrative remedies under 28 C.F.R. § 14.9.

The lower court's opinion unnecessarily burdens the Plaintiffs in this case with additional requirements for administrative exhaustion of Naval FTCA claims that is not contemplated or required by law.  This court should align the Fourth Circuit's requirements for administrative presentment of FTCA claims with the standards articulated and adopted by the vast majority of federal courts in this country, and allow Plaintiffs' case to proceed.

### III.   THE DISTRICT COURT ERRED IN DETERMINING THAT THE ADMINISTRATIVE REQUIREMENTS OF 28 U.S.C. SECTION 2401(b) ARE JURISDICTIONAL IN NATURE.

The administrative requirements under the FTCA have specifically been deemed "non-jurisdictional" by the United States Supreme Court. *United States v. Wong*, 575 U.S. 402 (2015). As such, a district court's interpretation that a claimant has not satisfied these requirements cannot form the basis for dismissal of a case for lack of subject matter jurisdiction.

The opinion in *Wong* specifically holds that, "[28 U.S.C. Section 2401(b) is not a jurisdictional requirement." *Id*. at 412. Section 2401(b) encompasses all the requirements for presentment of a claim, not simply the timelines in which the claim must be presented.

The explicit language of *Wong* makes clear that the entirety of subsection (b) of the statute – which dictates what is required for a claim be "presented" – is not jurisdictional. The lower court's order dismissing Plaintiffs' case for lack of subject matter jurisdiction as a result of their failure to properly "present" their claims fundamentally contradicts the holding in *Wong*. This Court must correct the discrepancy and overturn the lower court's erroneous dismissal of Plaintiffs' case.

## IV.   THE DISTRICT COURT ERRED IN FAILING TO ADDRESS THE PLAINTIFFS' DETRIMENTAL RELIANCE ON THE NAVY'S PROCESSING AND ADJUDICATION OF THEIR CLAIMS IN DETERMINING WHETHER THEIR ADMINISTRATIVE PREREQUISITES WERE SATISFIED?

The Supreme Court has definitively held that the Government is bound by the authorized acts of its agents acting within the scope of their authority. *Hollerbach v. United States*, 233 U.S. 165, 167, 34 S. Ct. 553, 554 (1914)(holding that a positive statement in a contract as to present conditions of work must be taken as true and binding upon the Government, and loss resulting from a mistaken representation of an essential condition should fall upon the Government, rather than on the contractor); *see also* See, e.g., *Cooke v. U.S.*, 91 U.S. 389, 398 (1875); *Folk Constr., Inc.*, ENGBCA Nos. 5839 et al., 93-3 BCA ¶ 26,094; *Mick DeWall Constr.*, PSBCA No. 2580, 91-3 BCA ¶ 24,180; *Bell Helicopter Co.*, ASBCA No. 17776, 74-1 BCA ¶ 10,411; *Miller Elevator Co. v. U.S.*, 30 Fed. Cl. 662, 688-89 (1994).

The Defendant's claims that Plaintiffs failed to exhaust administrative remedies prior to filing suit are without merit.  Plaintiffs submitted their claims to Defendant on April 27, 2020.  On May 11, 2020, Defendant's agency sent a memorandum to Plaintiffs advising them of the following:

> This is to confirm receipt of your correspondence, received in this office on April 27, 2020. I have enclosed date-stamped copies of all seven SF95's as verification of receipt.

> Please note 28 C.F.R. § 14.2(a) governs the requirements for the successful filing of a claim under the Federal Tort Claims Act (FTCA); and 32 C.F.R Part 750 provides the Department of the Navy's regulations concerning requirements for the successful filing of claims under both the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 and the Military Claims Act (MCA), 10 U.S.C. § 2733.
>
> **Your correspondence is currently being reviewed to determine if it is sufficient to constitute a properly presented claim** under the regulations provided above. If necessary, you will soon be notified by the legal professional assigned to your claim if any additional information is needed to complete your claim.

(JA300) (emphasis added).

On June 3, 2020, Defendant's agency sent Plaintiffs an additional

memorandum, advising them of the following:

> We received your claim on April 27, 2020, alleging personal injuries from complications following hernia surgery at Naval Medical Center Portsmouth on October 2, 2019. In order for me to properly adjudicate and evaluate your claim, you are required under the provisions of 28 C.F.R. § 14.4 and 32 C.F.R 750.26 to provide the following information:
>
> a. A statement of expected expenses for future treatment;
>
> b. Please advise us if, at the time of injury, whether Eleusipa Van Emburgh had been a member of the Armed Force on active duty or a civilian employed by the United States Government.

(JA300)

After this correspondence, Defendant's agency accepted and adjudicated all

of Plainitffs' administrative claims, and ultimately issued final written denial as

required by 28 U.S.C. § 2675(a), directing the Plaintiffs that they should file suit in

federal court if they disagreed with the agency's determination.  Defendant must

now be bound by the authorized acts of its agents throughout the administrative claims process, which fully processed Plaintiffs' administrative claims against the Government, thereby carrying out the purpose of this provision of the FTCA.

The lower court's order failed to address the extensive evidence that Plaintiffs reasonably relied upon the language and representations of the agency counsel, who obviously and apparently conceded the Government's recognition of the Plaintiffs' filing of legitimate administrative claims. Again, it is clear that this agency counsel (consistent with another agency attorney's advice at JA217) interpreted the law to require that estate and beneficiary court orders are only required at the time of *settlement* of an administrative claim, not at filing an SF-95.

This Court cannot condone the inconsistent and contrary dissemination of legal advice pertaining to the FTCA by agents of the federal government, which leads to wholly unequal outcomes between claimants under the same federal statute. Furthermore, to the extent that the Government seeks to use Virginia state law to defend its hard-line position in this case, it should not be lost on this Court that, if this were a medical malpractice matter filed in the circuit courts of the Commonwealth of Virginia as opposed to an FTCA case, Plaintiffs' present lawsuit would unquestionably proceed, as it meets all requirements of a properly filed Virginia state medical malpractice suit, to include appointment of an estate administrator and filing within the state statute of limitations. The dismissal of this

30

matter would, indeed, represent a sweeping injustice, and would send a message that the federal government can creatively capitalize on statutory nuance to achieve its desired outcome even where the Plaintiffs have detrimentally relied upon its representations.

The lower court's order seeks to rewrite history and unnecessarily overcomplicate the obligations of the Plaintiffs in this case, but the facts are clear: Plaintiffs timely submitted claims to the Government.  The Government diligently investigated those claims, and Plaintiffs should now be permitted to challenge the Government's findings through district court, as the FTCA intended.

Plaintiffs' position on both the interpretation of the law as well as its call for this Court to exercise its discretion in equity is justified in part because, had the agency acted in a different fashion throughout the claims process by noting the objections that have now been raised by new Government counsel, Plaintiffs would have been afforded more than sufficient time to appropriately remedy any such administrative deficiencies. *See,* (JA217-224); *Jenkins v. United States Postal Serv.*, 747 F. App'x 974, 975 (5th Cir. 2019).  It was not the Government's job to perfect the initial claims or the initial lawsuit, but when it took the steps of using specific language that would cause both laypeople and attorneys to rely on the notions argued herein, equity requires this case to proceed on the merits.  Where the Government in this case "advised" the Plaintiffs regarding their legal remedies after administrative denial, it must now be bound by that advice.

The agency accepted Plaintiffs' claim filings on April 27, 2020, less than six months into the two-year statute of limitation to file a claim after the cause of action accrued. (JA300)  Plaintiffs were never served a "Notice of Insufficient Filing" as the Agency issues in many FTCA cases, nor were they ever told by the agency that their claim filings were inadequate in any way.  (JA301-302)  Instead, the agency readily investigated the claims for eleven months[5], expending considerable time and resources on the matter, to include obtaining all medical records of the Plaintiff from multiple healthcare facilities, procuring expert reviews of Plaintiff's medical records, identifying alternative defendants, and ultimately denying the Plaintiffs' claims on their merits, in a document entitled: "Claims of the Estate of Eleusipa Van Embaugh (*sic*), et al.; Our Master File No. J201223." (JA166-169)

In the denial letter, the agency's attorney offered a conclusory statement of the basis for denial, which notably did *not* include any allegations that the claims forms were insufficient or that the statute of limitations had not been met, instead focusing on the substantive analysis the agency had performed, leading to their conclusion that, "the applicable standard of care was met."  At all times, the claims were treated as properly filed claims by the Navy agency counsel.

---

[5] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a)

> A review of your client's medical record shows that the applicable standard of care was met by each of her Navy healthcare providers. The damages alleged did not result from any negligent act or omission on the part of the United States. Accordingly, your clients' claims are denied.

(JA166-169)

As required by 28 U.S.C. § 2675(a), on March 12, 2021, the Plaintiffs' claims were "finally denied by the agency in writing and sent by certified or registered mail." (*Id.*; JA166-169). Even more than issuing a denial, the agency attorney specifically "advised" Plaintiffs of the following rights they had to continue pursuit of their claim:

> If your client does not agree with this decision, <u>be advised</u> she has six months from the date of mailing of this letter to file suit in the appropriate Federal district court.

(JA167) (emphasis added).

The Plaintiffs subsequently relied upon this directive. If the Navy had chosen to inform the Plaintiffs that they did not have the proper authorization to file on behalf of Mrs. Van Emburgh's estate, then there would have been sufficient time to have Mrs. Crovetto personally appointed by the Circuit Court and the claim resubmitted or amended, which is why there is simply no prejudice that has inured to the Navy or the United States government at large.

Plaintiffs reasonably relied upon the representations of Navy personnel and attorneys in processing their administrative claims and had absolutely no reason to question whether they were properly exhausting their administrative remedies prior

to filing suit.  Furthermore, the government's misleading behavior, whether

intentional or not, caused Plaintiffs to lose an opportunity to remedy the alleged

administrative defect in their filing and re-file within the statute of limitations.

Had the agency advised Plaintiffs that they interpreted Plaintiffs' submissions as

legally insufficient – as they had explicitly told Plaintiffs they were going to do—

Plaintiffs would have had ample opportunity to remedy the issue.  Instead,

Plaintiffs were lulled into a false sense of security that they were fully compliant

with the FTCA's administrative exhaustion requirement by the agency's continued

representations that the Plaintiffs' claims were being analyzed and investigated

because the Navy literally told them that they were.  Plaintiffs were reaffirmed in

this feeling when they received the agency's substantive denial letter advising them

to "file suit."  The Plaintiffs followed these directives exactly.

The United States now stands on the unusual proposition that their Navy

claims process failed and misled the Plaintiffs in this case, but that the Plaintiffs

have no right to rely upon the United States' representations.  Instead, they assert

that the United States may instead benefit from these representations that were

false.  This court cannot sanction the government's misleading of claimants

throughout the administrative claims process regarding the sufficiency of their

filings in order to avoid liability.  That is essentially what will happen here if this

detrimental reliance is not rectified by this Court.  *Hollerbach v. United States* and

its progeny lead to the indisputable conclusion that the agency's acceptance and substantive adjudication of the claim for nearly a year, expending countless government and taxpayer resources demonstrates that Plaintiffs satisfactorily exhausted their administrative requirements under the FTCA.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990), a Title VII case, the Supreme Court adopted a "general rule to govern the applicability of equitable tolling in suits against the [United States] Government." *Id. at 95*.  Chief Justice Rehnquist, writing for the majority, drew a clear distinction between federal employees who have "been induced or tricked by their adversary's misconduct into allowing [a] filing deadline to pass" and those who have merely "failed to exercise due diligence in preserving [their] legal rights." *Id. at 96*; see also *Polsby v. Chase*, 970 F.2d 1360, 1363-64 (4th Cir. 1992), cert. granted and judgment vacated by *Polsby v. Shalala*, 123 L. Ed. 2d 646, 113 S. Ct. 1940 (1993); *Nealon v. Stone*, 958 F.2d 584, 589-90 (4th Cir. 1992); cf. *Reno v. Catholic Social Servs., Inc*., 125 L. Ed. 2d 38, 113 S. Ct. 2485, 2504-05 (1993) (O'Connor, J., concurring in the judgment); *Muth v. United States*, 1 F.3d 246, 250-51 (4th Cir. 1993).

**V.    PLAINTIFFS ARE ENTITLED TO EQUITABLE TOLLING OF THE SECOND INTERIM FILING DEADLINE UNDER THE FTCA UNDER THE SPECIFIC CIRCUMSTANCES OF THIS CASE, IN WHICH BOTH THE FIRST LAWSUIT WAS DISMISSED AT THE BEHEST OF DEFENDANT, AND BOTH LAWSUITS WERE FILED WITHIN THE VIRGINIA STATE STATUTE OF LIMITATIONS.**

The administrative six-month filing deadline pertaining to Plaintiffs' second lawsuit should be equitably tolled under the specific facts of this case. The Plaintiffs in this case filed **both** suits within the requisite two-year statute of limitations in this Court under Virginia law and within the two years required to file a claim under the FTCA, and no prejudice was done to the Defendant in their ability to defend the case or investigate the claims, as the first lawsuit began the discovery process and caused no prejudice to the Government by virtue of the loss of time.  Presumably, the statutes regarding timing are in place so that the Government does not lose an opportunity to appropriately defend itself by virtue of the staleness of the matter.  That is simply not the case here.  Plaintiffs' request to equitably toll the interim six-month administrative filing deadline should be granted and this suit allowed to proceed as the United States fully and thoroughly investigated the administrative claim on the merits and informed the Plaintiffs that they had a right to now file suit in federal court, which they have.

### THE STANDARD OF REVIEW

The District Court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is reviewed de novo, applying the same standards as the District Court. *Burrell v. Bayer Corp.*, 918 F.3d 372, 379-80 (4th Cir. 2019).

This Court reviews de novo the district court's legal conclusions in granting defendants' motions to dismiss. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 229 (2009); *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 226 (4th Cir. 1997). The issues in this appeal implicate the district court's subject matter jurisdiction and thus are evaluated under Federal Rule of Civil Procedure 12(b)(1). See *Smith v. Reagan*, 844 F.2d 195, 196 (4th Cir. 1988); *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995). Evidence outside the pleadings can be properly considered under Rule 12(b)(1), and this Court reviews the district court's factual findings under the clearly erroneous standard of review and any legal conclusion de novo. *Jadhav*, 555 F.3d at 347; *Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999). Plaintiffs bear the burden of persuasion when a motion to dismiss challenges the court's subject-matter jurisdiction. *Piney Run Pres. Ass'n v. County Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008); see also *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

If the facts underlying the jurisdictional dispute "are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, the entire factual dispute is appropriately resolved only by a proceeding on the merits." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## CONCLUSION

This Court should correct the injustice to the Plaintiffs in this case who have been barred from bringing their legitimate claims of medical malpractice against

the United States Government despite obtaining a full and complete administrative review of their claims by the United States Navy and receiving final written denial of such, as required by the FTCA. Additionally, the interim 6-month filing deadline should be equitably tolled by this Court under the specific procedural history of this case. This Court must not condone the United States' creative application of state procedural law into the administrative requirements of the United States Navy's claims process to deny a long-suffering military family from seeking redress for the unnecessary loss of their wife and mother through the only legal mechanism available to them.

The Defendant has contended that, even if Plaintiffs' administrative claims were sufficient, the case should still be dismissed because Plaintiffs filed the second lawsuit more than six months after the agency's denial of their claim in order to administratively update the estate representative. This court should decline to endorse this position and should instead equitably toll the interim filing deadline in this case where the Government's actions affirmatively misled Plaintiffs, where both lawsuits were filed within the overarching Virginia two-year statute of limitations, and where Plaintiffs have diligently pursued their case with no prejudice to the Defendant. Significantly, both the agency counsel and the Plaintiffs' counsel clearly believed throughout the administrative process that Ms. Crovetto was the appropriate representative of the estate.

38

It is a clear error of law for the lower court to dismiss this complaint on the basis of lack of jurisdiction when the Supreme Court has determined that 28 U.S.C. Section 2401(b) is not jurisdictional and may be equitably tolled, *infra*. *United States v. Wong*, 575 U.S. 402 (2015).  The United States was presented with this claim by the personal representative of the estate named in the undisputed will within the required time and investigated the matter exhaustively before denying the claim on its merits. Subsequently the Plaintiffs initiated action within six months of that denial.  Under the facts of this case, the only just and equitable conclusion is that this lawsuit be allowed to proceed when the Plaintiffs relied upon the affirmative representations of the Government that they had exhausted their administrative remedies and could file suit in federal court.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs-Appellants respectfully request oral argument in light of the importance of the issues presented by this appeal.

Respectfully submitted,

*/s/ Benjamin A. Beliles*
Benjamin A. Beliles
BELILES & ASSOCIATES, PLLC
1108 East Main Street
Suite 1002
Richmond, VA  23219
(804) 223-0297

*Counsel for Appellants*

39

# CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains 9,418 words.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated:  March 7, 2023                    Respectfully submitted,

/s/ Benjamin A. Beliles
Benjamin A. Beliles
BELILES & ASSOCIATES, PLLC
1108 East Main Street
Suite 1002
Richmond, VA  23219
(804) 223-0297

*Counsel for Appellants*